Zentzis, Appellant, vs. Zentzis, Respondent.

*May 2—May 23, 1916.*

*Divorce: Foreign judgment: Jurisdiction: Faith and credit: Division
of property: Ancillary action in this state: Real property of wife
derived from husband.*

1. A judgment of divorce granted in another state in an action be-
   tween parties domiciled there and after personal service of the
   summons and complaint on the defendant, so that the court had
   jurisdiction both of the subject matter and of the parties, must
   be given full faith and credit in this state and is binding upon
   the defendant husband as to all rights that inhered in and arose
   out of the marital relation.   *Cook v. Cook*, 56 Wis. 195, distin-
   guished.
2. Where no provision was made in such a judgment for alimony or
   a division of property the defendant husband cannot, in an an-
   cillary or an independent action in this state, obtain a division
   of, or recover an interest in, real property located here which
   he had, prior to the divorce action, conveyed to his wife.
3. The defendant might, in the divorce action, have asked to have
   his rights in such real property determined and adjudicated;
   and the court of the other state might, as a condition of granting
   relief to the plaintiff wife, have required her to reconvey such
   property, or a part thereof, to the husband.

Appeal from an order of the circuit court for St. Croix
county: George Thompson, Circuit Judge.   *Affirmed.*

The action is brought to recover an interest in property

deeded to defendant by plaintiff while they were husband and wife. After such transfer the defendant secured a divorce from the plaintiff in the state of Montana. The Montana court made no express mention of a final division of the defendant's property nor did it in any way mention the property rights of the parties arising out of their marital relations.

The plaintiff and defendant were married in 1897 and resided in St. Croix county until the spring of 1912, when they moved to Montana. In 1901 the plaintiff purchased forty acres of land and in 1908 another eighty acres. He then transferred the title of the entire 120 acres by deed to the defendant, his wife. In March, 1912, the land was leased to one Olson by the defendant and the parties moved to Montana. In the year 1914 the defendant secured a divorce from the plaintiff in the state of Montana. The summons and complaint in the divorce action were personally served on the plaintiff within the state of Montana, where the parties then resided. At the time the papers were served on him the plaintiff consulted an attorney of Montana and was advised that any judgment rendered in the divorce action could not affect the plaintiff's rights and property in Wisconsin. The plaintiff did not appear to defend the divorce action. The Montana court awarded the wife judgment of divorce on the grounds of the failure to support, idleness, and dissipation of the husband and awarded the custody of the two minor children of the parties to the wife. The judgment, however, is silent in regard to alimony and division and distribution of the husband's property.

The circuit court for St. Croix county sustained a demurrer to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. From such order this appeal is taken.

*Jos. W. Singleton,* for the appellant.

*Spencer Haven,* for the respondent.

SIEBECKER, J.   The plaintiff alleges that he has an interest in the farm in question, located in this state, and he asserts the legal right to recover his alleged interest in this land by action independent of the divorce action in the Montana court, wherein a judgment of absolute divorce was awarded upon the complaint of the wife.   At the time of the proceeding in the divorce action in Montana the husband and wife were domiciled in that state.   The divorce action was commenced by the wife against the husband, the plaintiff in this action, by the service of the summons and complaint on him personally under the law of Montana.   After such service of the summons and complaint on him and his consultation with an attorney of Montana he did not appear or answer in the action, and the wife, upon her complaint and the evidence adduced by her, was awarded a judgment dissolving the bonds of matrimony and granting her the custody of the two minor children, the fruit of such marriage.   There is no provision in such judgment for alimony or for a final division or distribution of the husband's estate.

It is manifest that the Montana court obtained jurisdiction of the parties to the divorce action and of the subject matter of the action.   These facts make the judgment of the Montana court binding on the husband as to all the rights that inhered in and arose out of the marital relations.   The husband, the plaintiff in the instant action, being domiciled in Montana when he was served with process in the divorce action, was properly subjected to the process of the Montana court and is bound by the judgment pronounced against him by that court.   Under these facts and conditions a judgment of a sister state must be given faith and credit in Wisconsin under sec. 1, art. IV, Const. of U. S.   *D'Arcy v. Ketchum,* 11 How. (52 U. S.) 165; *Pennoyer v. Neff,* 95 U. S. 714.

Much reliance is placed on the case of *Cook v. Cook,* 56 Wis. 195, 14 N. W. 33, 443, to sustain the contention plaintiff makes in this court that the divorce judgment of the Mon-

tana court in no way affected his rights and interests in this farm, because no final division and distribution of real estate in Wisconsin could be awarded by the Montana court, and that such court in fact did not attempt to grant such relief. The *Cook Case* is not an authority on this point. In that case the husband, who resided in Michigan, had secured a judgment of divorce in an action in Michigan against his wife, who resided in Wisconsin. The wife had not been personally served with notice and did not appear in the action and was ignorant of the action until after judgment, and it appeared that the husband obtained the judgment upon notice by publication under the Michigan law, based upon affidavits which the husband knew to be false and upon an alleged cause of action which was false in fact. This court held that the judgment obtained in such a proceeding was not a bar to a subsequent action by the wife for a divorce, alimony, and division of the husband's estate in this state. As declared in the opinion under the citation of *Doughty v. Doughty,* 28 N. J. Eq. 581:

"A decree in a divorce suit will have no extraterritorial effect when the defendant is domiciled in another state, and is not served with process nor with notice of the proceedings. A decree for divorce, to be entitled to extraterritorial effect, when the person of the defendant is without the jurisdiction, must be obtained in a manner consistent with natural justice, and such decree is enforced in another state only on the ground of comity."

It is obvious that the plaintiff here does not stand in the favorable position of the wife in that case. Nor can he rely on the principle of comity in the treatment of the Montana divorce judgment in Wisconsin, because it appears that he was domiciled in Montana and was personally served with process in that state, which subjected him to the jurisdiction of the Montana court. In the light of these facts the provision of sec. 1, art. IV, of the United States constitution

commands the courts of this state to give such judgment full faith and credit.

It is claimed that at all events plaintiff, as a party to the action in the Montana court, is bound only to the extent that such court adjudicated upon his rights in the divorce judgment, and that such court neither attempted nor possessed the power to determine his rights in the real estate situated in this state which he conveyed to his wife before she secured the divorce. The allegations of this plaintiff are that the complaint and judgment in the divorce action are silent as to this property and hence his rights therein are not affected thereby, and he therefore asserts the right to enforce a division and distribution thereof in this action in this state. The argument is made that such action in this state is in its purpose and object ancillary to the Montana divorce action to secure a completed determination as to this property arising out of their marital rights. The right to a division and distribution of the husband's estate in a divorce action is defined by statute. Sec. 2372, Stats., provides:

"No judgment nullifying a marriage or for a divorce of any kind shall in any way affect the right of a wife to the possession and control of her separate estate, real or personal, except as provided in this chapter; and nothing contained in this chapter shall authorize the court to divest any party of his title in any real estate further than is expressly provided herein."

Sec. 2364, Stats., authorizes a court in a divorce action to adjudge to the wife alimony and allowance for support, maintenance, and education of the children committed to her custody, and "the court may finally divide and distribute the estate, both real and personal, of the husband *and so much of the estate of the wife as shall have been derived from the husband,* between the parties and divest and transfer the title of any thereof accordingly, . . ." There is a well recognized practice that an award of alimony is subject to modification at any time by the court that awarded it or by an independ-

ent action in another court in either the same state or a foreign state, but such power to revise and alter a judgment for alimony does not apply to judgments in divorce actions making a final division and distribution of the husband's estate. Such a judgment cannot be reviewed or altered in this state after the term of court in which it was rendered. *Bacon v. Bacon,* 43 Wis. 197; *Cook v. Cook,* 56 Wis. 195, 14 N. W. 33, 443; *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028; *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651.

The rights plaintiff asserts to the land in question arise under the provisions of sec. 2364, Stats., which must be adjudicated in the divorce action. He did not, upon being summoned by the court of Montana to appear and defend his rights arising out of the marital relation, the subject matter of the action, ask to have his rights determined and adjudicated. The claim that the court of Montana had no jurisdiction to adjudicate those rights is not well founded. We must presume that the Montana court possesses the power to adjudge these matters in divorce actions, and such power of that court is not challenged here. Nor is there merit in the claim that the court of Montana could not effectually grant a division and distribution between the husband and wife of real estate located in this state because it was powerless to transfer an interest therein and could not effectually grant relief which conflicted with the title vested in his former wife by the deed from the husband conveying to her an absolute fee. True, that court could not by force of a decree transfer an interest in lands in this state, but since it had jurisdiction of the person of the plaintiff's wife, who was a suitor in such court, the court could impose relief by way of a division and distribution of this plaintiff's estate, including Wisconsin real estate, by requiring, as a condition of granting the wife any relief in the divorce action, that she make a transfer of this property vested in her wheresoever located. *Dickson v. Loehr,* 126 Wis. 641, 106 N. W. 793, and cases cited. This

doctrine is clearly recognized in *Pennoyer v. Neff*, 95 U. S. 714:

"Thus the state, through its tribunals, may compel persons domiciled within its limits to execute, in pursuance of their contracts respecting property elsewhere situated, instruments in such form and with such solemnities as to transfer the title, so far as such formalities can be complied with; and the exercise of this jurisdiction in no manner interferes with the supreme control over the property by the state within which it is situated" (citing).

The allegations of the complaint do not constitute a cause of action for relief in the courts of this state and the trial court properly sustained the demurrer to the complaint.

*By the Court.*—The order appealed from is affirmed.