IN RE the MARRIAGE OF Margaret HAEUSER , Petitioner-Respondent,

v.

Kenneth HAEUSER, Respondent-Appellant.

Court of Appeals

*No. 95–1087. Submitted on briefs January 11, 1996.—Decided March 6, 1996.*

(Also reported in 548 N.W.2d 535.)

751

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Miles G. Lindner* of *Schwei & Wendt, S.C.* of Brookfield.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Lisa L. Derr* of *Schwefel and Derr* of Beaver Dam.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. Kenneth Haeuser appeals from a postjudgment order in a divorce action denying his motion to vacate the judgment on res judicata and full faith and credit grounds. The order also denied Kenneth's request to terminate his maintenance obligation and found him in contempt for failing to abide by the maintenance and property division provisions of the judgment.

On appeal, Kenneth contends that the family court was required to give full faith and credit to a prior judgment of divorce entered in an Alabama state court. That judgment granted a divorce, but did not address the issues of maintenance and property division. In addition, Kenneth contends that the family court erred by refusing to terminate his maintenance obligation and finding him in contempt.

We agree with Kenneth that the Alabama judgment divorcing the parties was entitled to full faith and credit by the Wisconsin family court. We therefore reverse the order to the extent that it honors the Wisconsin judgment granting a divorce. However, under the doctrine of the "divisible divorce," we conclude that the law of full faith and credit did not preclude the

Wisconsin family court from addressing the further issues of maintenance and property division which were not addressed in the Alabama judgment. Therefore, we affirm the order denying Kenneth's motion to vacate the portions of the judgment addressing those issues.

We further conclude that the trial court did not misuse its discretion when it refused to terminate Kenneth's maintenance obligation and when it held him in contempt for failing to comply with certain provisions of the judgment.

## FACTS

Kenneth and Margaret were married on October 4, 1969, in Kewaskum, Wisconsin. The parties moved to Alabama in the early 1980's, where they resided until October 1992, when Margaret returned to Wisconsin.

Kenneth commenced an action for divorce in Alabama on May 12, 1993. Margaret was personally served in that action in Wisconsin on June 4, 1993. On May 19, 1993, Margaret commenced the instant divorce action in Wisconsin in the Washington County Circuit Court. Kenneth was personally served in this action on June 5, 1993. Neither party has disputed the sufficiency of the service of process in either action. Nor does either party contend that he or she did not receive adequate and sufficient notice of the various ensuing proceedings in each action.

On June 11, 1993, Kenneth filed a "plea in abatement" in the Washington County Circuit Court, objecting to the jurisdiction of the Wisconsin court and seeking dismissal of the Wisconsin action. In this document, Kenneth alerted the Wisconsin family court to the pending Alabama proceeding and asserted that Margaret's Wisconsin divorce petition erroneously

stated that no other action for divorce had been commenced or was pending in any other court.[1] On June 15, 1993, Kenneth filed a second "plea in abatement" and attached exhibits demonstrating that Margaret had been served in the Alabama action.

On June 24, 1993, Margaret filed a motion in her Wisconsin action asking the family court to determine whether the court had "personal jurisdiction" over Kenneth, and whether the court could thus proceed with the Wisconsin divorce action. Margaret's motion was heard on June 29, 1993. Kenneth did not personally appear or otherwise participate in the proceeding. The appellate record does not include a transcript of that proceeding. The proceeding resulted in an order of July 12, 1993, which we will shortly detail.

In the meantime, the tenth judicial circuit court of the State of Alabama entered a final judgment of divorce on July 6, 1993. Margaret had not responded, appeared or participated in the Alabama proceeding in any manner.

Subsequently, on July 12, 1993, the Wisconsin family court issued an order resulting from the proceedings on June 29. This order stated that the Wisconsin court did "not have standing to determine whether or not the State of Alabama ha[d] obtained jurisdiction over [Margaret]" and that because Margaret had met the statutory jurisdictional requirements, Kenneth was subject to the jurisdiction of Wisconsin for the divorce action. The order further stated that Kenneth was compelled to attend all prop-

---

[1] The supreme court has held that although there is a statutory requirement requiring parties to disclose the pendency of another divorce action, such pendency is not jurisdictional. *Bottomley v. Bottomley,* 38 Wis. 2d 150, 156, 156 N.W.2d 447, 450 (1968); *see* § 767.085(1)(d), STATS.

erly noticed hearings and comply with any future judicial orders.

Thereafter, on August 4, 1993, the Wisconsin family court conducted a temporary hearing. Kenneth did not appear. This hearing produced a temporary order which, inter alia, required Kenneth to pay Margaret $1083 per month as maintenance.

On August 23, 1993, Kenneth filed a further motion to dismiss the Wisconsin action, again challenging the jurisdiction of the Wisconsin court and requesting that the action be dismissed on full faith and credit grounds because the matter had already been adjudicated in Alabama. The appellate record does not reveal any proceeding on this motion, but the parties' briefs agree that the Wisconsin family court denied this motion on October 21, 1993.

The family court then scheduled the matter for trial on February 28, 1994, "to determine the issues of property division and maintenance." The matter went to trial on that date, and, again, Kenneth did not appear or participate in the proceeding. The court rendered a final judgment of divorce on March 1, 1994. This judgment divorced the parties, divided their property and awarded Margaret maintenance of $500 per month for four years.

On May 13, 1994, Margaret filed a motion asking the family court to find Kenneth in contempt of court for failing to make maintenance payments and for failing to make certain transfers of property as directed by the judgment. On July 8, 1994, Kenneth filed a further motion to vacate the judgment, and on August 17, 1994, he filed a motion seeking to reduce or terminate his maintenance obligation.

The family court heard both parties' motions on August 26, 1994. For the first time, Kenneth appeared

in the action, albeit by telephone. His Wisconsin counsel personally attended. As the result of this hearing, the court issued an order denying Kenneth's motion to vacate the judgment. The court also found Kenneth in contempt for failing to comply with the maintenance and property division provisions of the judgment.[2] The court imposed a sanction with purge conditions. However, the court also reduced Kenneth's maintenance obligation from $500 to $250 per month. Kenneth appeals.

## DISCUSSION

### 1. *Full Faith and Credit and Res Judicata*[3]

Article IV, Section 1 of the Constitution commands, "Full faith and credit shall be given in each

---

[2] The court later dismissed Margaret's motion to find Kenneth in contempt for failing to transfer certain real property.

[3] On a threshold basis, Margaret contends that we are without jurisdiction to review this issue because the order rejecting Kenneth's full faith and credit/res judicata defense was entered on September 15, 1994, whereas the order actually appealed is dated March 29, 1995, and is silent as to this issue. Moreover, Margaret points out that the order actually appealed is not adverse to Kenneth since it dismissed Margaret's motion to find Kenneth in contempt for failing to transfer certain real property.

We reject this argument. The postjudgment motions brought by the parties put the issues of contempt, modification, and full faith and credit before the family court. While the September 15, 1994, order fully disposed of the full faith and credit, modification and contempt relating to the personal property, the order held open the contempt question regarding the real estate. Kenneth originally appealed this order. However, we dismissed the appeal as prematurely taken from a nonfinal order because the contempt issue regarding the real estate was

state to the public acts, records, and judicial proceedings of every other state." The purpose of the Full Faith and Credit Clause is:

> to establish throughout the federal system the salutary principle of the common law that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that in which the judgment was rendered, so that a cause of action merged in a judgment in one state is likewise merged in every other.

*Anderson v. Anderson,* 36 Wis. 2d 455, 463, 153 N.W.2d 627, 631 (1967) (quoted source omitted).

■

Chapter 767, STATS., governs divorce in Wisconsin. *Pettygrove v. Pettygrove,* 132 Wis. 2d 456, 462, 393 N.W.2d 116, 119 (Ct. App. 1986). Jurisdiction of divorce cases is purely statutory, and the authority of the court is confined to those express and incidental powers that are conferred by statute. *Id.; see* § 767.01, STATS. In Wisconsin, the principle of full faith and credit in an action affecting the family is codified in § 767.21, STATS., which provides in part:

---

still pending. When the court finally disposed of that remaining issue via the March 29, 1995, order, Kenneth took the instant appeal.

Section 809.10(4), STATS., provides that all prior nonfinal orders adverse to the appellant are properly brought before this court by an appeal from a final order. *L.H. v. D.H.,* 142 Wis. 2d 606, 611, 419 N.W.2d 283, 285 (Ct. App. 1987). Margaret argues that if Kenneth's counsel had drafted a properly worded earlier order, the earlier appeal would have been properly before us. We disagree. The finality of an appealable order is governed by what the trial court did, not by the wording of the order.

**Full faith and credit; comity.**[4] **(1)** ACTIONS IN COURTS OF OTHER STATES. (a) Full faith and credit shall be given in all courts of this state to a judgment in any action affecting the family, except an action relating to child custody, by a court of competent jurisdiction in another state, territory or possession of the United States, when both spouses personally appear or when the respondent has been personally served.

We agree with Kenneth that § 767.21(1), STATS., compelled the Wisconsin family court to give full faith and credit to the Alabama judgment of divorce entered on July 6, 1993. However, that statement alone does not end the inquiry in this case because we must further determine what the Alabama judgment includes.

The Alabama divorce judgment merely dissolves the marriage of the parties; it does not speak to maintenance or property division. Based on this limited reach of the Alabama judgment, Margaret maintains that the Wisconsin family court was not precluded from addressing the property division and maintenance issues which she asserted in this action. Kenneth, relying on principles of res judicata, argues that the Alabama judgment covers not only the dissolution of the parties' marriage, but also the maintenance and

[4] The doctrine of full faith and credit is distinguishable from the doctrine of comity. The doctrine of comity results in the recognition of a decree of a different state not entitled to full faith and credit. *Steffke v. DOR,* 65 Wis. 2d 199, 203, 222 N.W.2d 628, 631 (1974). It is not a matter of absolute obligation, but is recognition which one state allows within its territory to legislative, executive or judicial acts of another, having due regard to duty and convenience and to the rights of its own citizens. *Id.*

property division issues because Margaret could have raised those matters in the Alabama proceeding.

Kenneth relies on *Zentzis v. Zentzis,* 163 Wis. 342, 347, 158 N.W. 284, 286 (1916). There, the parties originally lived in Wisconsin. During that time, the husband transferred title to certain Wisconsin real estate to his wife. *Id.* at 343, 158 N.W. at 285. Later, the parties moved to Montana and established residency there. The wife then commenced a divorce action in Montana and personally served her husband in Montana. The husband failed to appear in the action and the wife ultimately obtained a default judgment of divorce. The judgment, however, was silent as to alimony and property division. *Id.*

The husband then brought an action in Wisconsin against his wife seeking to recover an interest in the Wisconsin real estate. *Id.* at 344, 158 N.W. at 285. The supreme court held that the full faith and credit clause barred the husband's action. The court said:

> It is manifest that the Montana court obtained jurisdiction of the parties to the divorce action and of the subject matter of the action. These facts make the judgment of the Montana court binding on the husband as to all the rights that inhered in and arose out of the marital relations. The husband, the plaintiff in the instant action, *being domiciled in Montana when he was served with process in the divorce action, was properly subjected to the process of the Montana court and is bound by the judgment pronounced against him by that court.* Under these facts and conditions a judgment of a sister state must be given faith and credit in Wisconsin under § 1, art. IV, Const. of U.S.

*Id.* (emphasis added). Kenneth relies on this holding.

Margaret properly notes, however, that in this case she was not domiciled in Alabama when Kenneth commenced the action and obtained the Alabama divorce. Given that scenario, Margaret relies on *Pollock v. Pollock,* 273 Wis. 233, 77 N.W.2d 485 (1956). There, the parties resided in the State of Washington before the husband took the parties' child to Wisconsin. *Id.* at 235, 77 N.W.2d at 487. The wife then commenced a divorce action in the State of Washington by serving the summons and complaint on the husband in Wisconsin. *Id.*[5] The husband did not appear and a default judgment was granted in Washington. The Washington judgment awarded custody of the child to the wife. *Id.* at 236, 77 N.W.2d at 487. However, the judgment made no provision for alimony or support money. *Id.*

Later, the wife brought an action in Wisconsin seeking to obtain custody of the child and also seeking support and alimony. *Id.* at 235, 77 N.W.2d at 487. The supreme court upheld the authority of the Wisconsin family court to address these issues. The court said, "Under modern decisions it is quite generally held that a divorce action is divisible, and that while a court of one state may dissolve the marriage, items such as custody and alimony may be determined by a court in another state which acquires jurisdiction with respect to such matters." *Id.* at 247, 77 N.W.2d at 493.[6] The

[5] The decision states that the summons and complaint in the Washington divorce action were "duly served" on the husband in Wisconsin. *Pollock v. Pollock*, 273 Wis. 233, 235, 77 N.W.2d 485, 487 (1956). We construe this to mean personal service, not substituted or constructive service.

[6] As to the custody issue, the *Pollock* court reasoned that even though the Washington judgment awarded custody of the child to the wife, "the wife was prevented from having the matter of the custody of the child *validly* determined in the divorce

court concluded that Wisconsin courts "possess[ ] jurisdiction in an equity action to determine items of alimony, support money, and custody upon the ground of a divorce judgment rendered in another state." *Id.* at 253, 77 N.W.2d at 496.[7]

■

We conclude that this case is governed by *Pollock*, not *Zentzis*. *Pollock* recognizes that a Wisconsin court has equitable jurisdiction to decide issues of maintenance and property division when a judgment of divorce granted to one of the parties in another jurisdiction fails to address such issues. *See Pollock,* 273 Wis. at 253-54, 77 N.W.2d at 496; *Ische v. Ische,* 252 Wis. 250, 263, 31 N.W.2d 607, 613-14 (1948). A divorce action is equitable in nature. *Caulfield v. Caulfield,* 183 Wis. 2d 83, 90, 515 N.W.2d 278, 281 (Ct. App. 1994). As such, we conclude that the trial court had jurisdiction to rule on the issues of maintenance and property division because the Alabama court failed to do so.

■

We conclude that *Pollock* also governs Kenneth's res judicata argument. Res judicata, like divorce, is also equity based, relying on principles of fundamental fairness. *See Desotelle v. Continental Casualty Co.,* 136 Wis. 2d 13, 21, 400 N.W.2d 524, 527 (Ct. App. 1986). The rule is not ironclad. *See H.N.T. v. State,* 125 Wis.

---

action there" because the husband had previously taken the child to Wisconsin. *Pollock,* 273 Wis. at 247, 77 N.W.2d at 493 (emphasis added).

[7] In an earlier case, the supreme court held that the trial court retained jurisdiction for purposes of alimony and division of the parties' estate although the divorce had been granted in another state. *Ische v. Ische,* 252 Wis. 250, 263, 31 N.W.2d 607, 614 (1948).

2d 242, 251, 371 N.W.2d 395, 399 (Ct. App. 1985). *Pollock* recognizes that a Wisconsin resident may litigate in this state those divorce-related issues which were not addressed in the foreign forum. *See Pollock*, 273 Wis. at 253-54, 77 N.W.2d at 496. If this was the equitable right of the wife in *Pollock* who was also the plaintiff in the foreign action and invoked the jurisdiction of the foreign court, it must certainly be so as to one such as Margaret here, who was the defendant in the foreign action and who did not invoke the jurisdiction of the Alabama court.

We therefore affirm the family court's exercise of jurisdiction over the maintenance and property division issues. However, we reverse the order to the extent that it fails to vacate the Wisconsin judgment divorcing the parties. That issue had already been adjudicated by the Alabama decree and that decree was entitled to full faith and credit by the Wisconsin family court.[8]

---

[8] We also reject Kenneth's reliance on *Hartenstein v. Hartenstein*, 18 Wis. 2d 505, 118 N.W.2d 881 (1963). There, the former wife commenced a civil action against her former husband and his current wife in Wisconsin seeking to nullify a Nevada divorce which she had previously obtained. *Id.* at 507, 118 N.W.2d at 882. The supreme court held that the Nevada divorce, and particularly its property division provisions, was res judicata and entitled to full faith and credit. *Id.* at 510-515, 118 N.W.2d at 884-87. The court reasoned that since the former wife had herself invoked the jurisdiction of the Nevada court and since her former husband had appeared and participated in the action, the former wife could not collaterally attack the judgment in the Wisconsin action. *Id.* at 513, 118 N.W.2d at 886.

This case is markedly different. Margaret did not invoke the jurisdiction of the Alabama court. Nor did she appear and

## 2. Modification of Maintenance Award

We next address Kenneth's argument that the trial court erred when it refused to terminate Kenneth's maintenance obligation based on his reduced ability to pay and the fact that Margaret's live-in companion pays some of her household expenses.

We open our discussion of this issue with an important observation. We are not reviewing the family court's initial award of maintenance as provided in the judgment. As we have noted, Kenneth chose not to participate in the proceedings leading to that award.

Rather, we are reviewing the family court's postjudgment order denying Kenneth's motion to terminate maintenance. This markedly changes our appellate perspective. Although a request for maintenance modification, just as with an initial award of maintenance, is addressed to the family court's discretion, *see Gerrits v. Gerrits,* 167 Wis. 2d 429, 440, 482 N.W.2d 134, 139 (Ct. App. 1992), the court may change a maintenance award only upon a positive showing of a change in circumstances, *id.* at 437, 482 N.W.2d at 138. This change must be substantial and relate to a change in the financial circumstances of the parties. *Id.* Most importantly, unlike an initial award of maintenance, this burden logically rests with the party seeking the change. *See Miner v. Miner,* 10 Wis. 2d 438, 446, 103 N.W.2d 4, 9 (1960).

---

participate in that action. While that choice carried a res judicata and full faith and credit risk to Margaret *if* the Alabama court had addressed the maintenance and property division issues, in fact the Alabama judgment did not cover those matters. As such, *Pollock* holds that a Wisconsin court has jurisdiction to address those issues.

We will generally look for reasons to sustain a trial court's discretionary decision. *Gerrits,* 167 Wis. 2d at 441, 482 N.W.2d at 139. Discretion is properly exercised when the court considers facts of record and reasons its way to a rational, legally sound conclusion. *Id.* at 440, 482 N.W.2d at 139. It is sufficient if the record demonstrates that the trial court undertook a reasonable inquiry and examination of the facts and had a reasonable basis for its decision. *Id.* at 441, 482 N.W.2d at 139.

In considering Kenneth's motion to terminate maintenance, the family court stated that it did not find Kenneth credible in his assertion that his only income was from a trucking brokerage business and that he received no income from his various real estate dealings. Other evidence indicated that Kenneth had received income from his real estate dealings. Kenneth complains about the lack of evidence regarding his income from this other source. But his argument fails to grasp that this was a modification hearing at which he carried the burden to show a substantial change as to why the award should be modified. Instead, Kenneth seems to approach this issue as if the family court were making an initial maintenance award. Any gaps in the evidence were the result of Kenneth's failure to sustain his burden. A party who carries a burden of proof cannot leave the family court in an evidentiary vacuum and then complain about the lack of evidence on appeal. *See Popp v. Popp*, 146 Wis. 2d 778, 796, 432 N.W.2d 600, 606 (Ct. App. 1988).[9]

[9] Kenneth argues that the family court should have terminated maintenance because Margaret shares expenses with a live-in companion. However, such a living arrangement does not per se eliminate the need or the right to maintenance. *See*

We are required to give due regard to the trial court's opportunity to judge the credibility of the parties as witnesses. Section 805.17(2), STATS. We may not set aside the trial court's findings of fact unless clearly erroneous. *Id.* Given these appellate constraints, recognizing that Kenneth carried the burden of proof, and based upon our review of the postjudgment proceeding, we see no erroneous findings by the court. Nor do we see any misuse of discretion by the court in its ultimate decision to reduce, rather than terminate, Kenneth's maintenance obligation.

### 3. Contempt Order

Finally, Kenneth challenges the family court's finding of contempt for his failure to make maintenance payments and to transfer certain items of personal property.[10] Kenneth also contends that the trial court failed to make the requisite findings that he

---

*Van Gorder v. Van Gorder,* 110 Wis. 2d 188, 197, 327 N.W.2d 674, 678-79 (1983). Rather, it is among the many factors which bear upon the maintenance issue. *Id.* After considering this factor in conjunction with other factors, including Margaret's employment, the family court concluded that a reduction, rather than a termination, of maintenance was appropriate. We see no misuse of discretion in this ruling.

[10] While it is clear that the family court found Kenneth in contempt for failing to comply with the maintenance provisions of the judgment, we are not entirely satisfied that the contempt finding was further premised on Kenneth's failure to comply with the property division provisions. Instead, it appears that the court ordered Kenneth to comply with the property division provisions as a purge condition related to the contempt for failing to make the maintenance payments.

Margaret, however, does not draw this distinction. Therefore, we address this issue on the basis Kenneth brings it to us.

had the ability to pay maintenance or transfer the items of property.

A person may be held in contempt of court if that person refuses to abide by an order made by a competent court having personal and subject matter jurisdiction. *State v. Rose,* 171 Wis. 2d 617, 622, 492 N.W.2d 350, 353 (Ct. App. 1992); *see* ch. 785, STATS. This court will not set aside a trial court's findings of fact that a person has committed a contempt of court unless they are clearly erroneous. *Rose,* 171 Wis. 2d at 623, 492 N.W.2d at 353; *see* § 805.17(2), STATS. We review a trial court's use of its contempt power to determine if the trial court properly exercised its discretion. *City of Wis. Dells v. Dells Fireworks, Inc.,* 197 Wis. 2d 1, 23, 539 N.W.2d 916, 924 (Ct. App. 1995).

A finding of contempt rests on the trial court's factual finding regarding the person's ability to pay. *Rose,* 171 Wis. 2d at 623, 492 N.W.2d at 353. The principal findings are that the person is able to pay and the refusal to pay is willful and with intent to avoid payment. *Id.*

We conclude that the trial court made the requisite findings for contempt. Margaret testified that Kenneth had not made *any* maintenance payments, and Kenneth conceded this in his testimony. Even if we were to allow that the original amount of maintenance of $500 per month was beyond Kenneth's ability, this does not excuse Kenneth's failure, in the words of the family court, to pay even "*one dime*" of maintenance. (Emphasis added.) In fact, the court concluded that Kenneth's failure to make maintenance payments was not due to an inability to pay, but rather was an intentional

767

refusal based upon his erroneous belief that the Alabama judgment shielded him from such obligation. While this was a tactical decision which Kenneth was entitled to make, he also made it at his own risk. That conduct did not relieve him from his legal duty to obey the order until such time that he was relieved from it in some legally prescribed manner. *See id.*

Much of the same reasoning applies to the contempt finding based on Kenneth's failure to deliver the items of personal property awarded to Margaret in the Wisconsin judgment. Kenneth contends that he should not be held to this provision because he disposed of some of the property before the divorce was commenced or because the property is lost or destroyed.

In response, we first recall the family court's questioning of Kenneth's credibility. That alone requires us to affirm the court's ruling.

In addition, we again observe that Kenneth's choice to ignore these proceedings in the first instance produced the dilemma in which he now finds himself. By choosing to interpose a possible defense that some of the personal property no longer existed, Kenneth risked that the Wisconsin family court, operating without such information, would divide the property.

Moreover, assuming that certain of the property is now gone, the family court's contempt finding does not put Kenneth in a position of being unable to comply with the judgment because the purge condition requires him to account for the property *or its value*.

## CONCLUSION

This is a case in which both parties took calculated risks by choosing to ignore the other's action. Margaret's risk, consciously taken or not, was that the Alabama court would address the financial and prop-

erty matters which would have precluded her Wisconsin action. Kenneth's risk, consciously taken or not, was that the Alabama judgment would not be entitled to full faith and credit (or would not be protected by res judicata) as to those matters which the judgment did not address and which Kenneth did not ask the Alabama court to address. As such, the parties left it to the law to resolve this dilemma.

We reverse only that portion of the trial court order denying full faith and credit to the Alabama judgment granting a judgment of divorce. We affirm the remainder of the order denying Kenneth's request to vacate the maintenance and property division provisions of the Wisconsin judgment. We also affirm that portion of the order rejecting Kenneth's request to terminate his maintenance obligation. Finally, we affirm the portion of the order finding Kenneth in contempt.

Costs are not awarded to either party.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.