IN RE the MARRIAGE OF:

William E. JOHNSON, Petitioner-Appellant,

v.

Donna M. JOHNSON, Respondent-Respondent.

Court of Appeals

*No. 97–2961. Submitted on briefs January 26, 1998.—Decided February 18, 1998.*

(Also reported in 576 N.W.2d 585.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Timothy R. Young* of *Dempsey, Magnusen, Williamson & Lampe* of Oshkosh.

On behalf of the respondent-respondent, the cause was submitted on the brief of *William Manske* of *Manske Law Office* of Oshkosh.

Before Brown, Nettesheim and Anderson, JJ.

ANDERSON, J. William E. Johnson appeals from a postjudgment order in a divorce action requiring him to increase his weekly maintenance payments to his ex-wife, Donna M. Johnson, to $233 per week. Because the family court misused its discretion by increasing William's maintenance payments, we reverse.

William and Donna were married in 1966 and divorced in 1980. Donna was awarded custody of the children. At the time of the divorce, William's net income was approximately $1400 per month, and Donna was unemployed but earned nominal money from baby-sitting. The parties stipulated that William

would pay $160 per week as family support until the circumstances of the parties changed and he would be responsible for the maintenance of medical and hospital insurance for the children. The stipulation also provided that the parties' home would be evenly divided with Donna having the right to retain possession of the residence until June 1990, her remarriage or an agreement to sell the property.

In July 1989, William moved the court to terminate family support and maintenance and to establish appropriate child support. William's motion was in anticipation of their two oldest children becoming adults and only one minor child would be living with Donna. At the time of this motion, William's income had increased to a weekly gross of $637.62 and Donna earned $342.56 gross semi-monthly. The family court commissioner determined that after taxes, William's family support payment of $160 per week was the equivalent of $108 per week of child support, or seventeen percent of William's gross income. The commissioner concluded that $160 per week family support was fair despite the changes in circumstances.

In 1995, William filed an order to show cause why family support and maintenance should not be terminated. At this time, the parties' third child was an adult and Donna had obtained full-time employment. William's average net monthly earnings were $3165 and Donna was earning $1380 monthly net earnings. The family court commissioner found that Donna would need about $170 monthly beyond what she was earning and set indefinite maintenance at $40 per week.

Both Donna and William appealed the commissioner's decision to the family court. Donna sought continued maintenance in the amount of $160 per week

and William sought termination of all maintenance. The family court concluded that $1700 per month was equitable and that indefinite maintenance in the amount of $233 per week was required to satisfy the calculation. William appeals.

The modification of a maintenance award involves the exercise of discretion. *See Dowd v. Dowd*, 167 Wis. 2d 409, 413, 481 N.W.2d 504, 506 (Ct. App. 1992). An exercise of discretion must be based on the facts appearing in the record and the appropriate and applicable law, as well as being the product of a rational mental process. *See id.* at 416, 481 N.W.2d at 507. A postdivorce request for maintenance modification may be granted only upon a positive showing of a change of circumstances. *See Haeuser v. Haeuser*, 200 Wis. 2d 750, 764, 548 N.W.2d 535, 541–42 (Ct. App. 1996). The change of circumstances must be substantial and it must relate to a change in the financial circumstances of the parties. *See id.* at 764, 548 N.W.2d at 542.

The family court in this case concluded that "[t]he starting point for consideration of maintenance is an equal division of disposable income." We conclude that the family court's decision is based upon an error of law. Therefore, the court acted beyond the limits of discretion and its decision cannot stand. *See State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968).

The family court incorrectly based its decision on the "starting point" analysis or "fairness objective" of maintenance discussed in *LaRocque v. LaRocque*, 139 Wis. 2d 23, 39, 406 N.W.2d 736, 742 (1987) ("[W]hen a couple has been married many years and achieves increased earnings, it is reasonable to consider an

equal division of total income as a starting point in determining maintenance."). The "fairness objective" does not apply to a postdivorce situation. *See Gerrits v. Gerrits*, 167 Wis. 2d 429, 439 n.5, 482 N.W.2d 134, 139 (Ct. App. 1992). Rather, the "fairness objective" is a factor focusing on noneconomic contributions made by the spouses " 'during the marriage.' " *See id.* at 440 n.5, 482 N.W.2d at 139 (quoting *Hubert v. Hubert*, 159 Wis. 2d 803, 821, 465 N.W.2d 252, 259 (Ct. App. 1990)). Here, the issue is whether the parties met their burden of establishing a substantial change in circumstances after the divorce warranting a modification of maintenance; it has nothing to do with contributions, economic or noneconomic, made during the marriage. *See id.*

We also note that despite the fact that Donna chose to retain the home, her lack of effort to improve her position and the family court's conclusion that consideration of her need for support requires a lesser award, the court determined that an after-tax amount of $1700 per month was equitable. The court's conclusion raises the question of whether the limited purpose of maintenance payments was factored in as well.

> The payment of maintenance is not to be viewed as a permanent annuity. Rather, such payment is designed to maintain a party at an appropriate standard of living, under the facts and circumstances of the individual case, until the party exercising reasonable diligence has reached a level of income where maintenance is no longer necessary.

*Vander Perren v. Vander Perren*, 105 Wis. 2d 219, 230, 313 N.W.2d 813, 818 (1982). The family court in the instant case described Donna's exercise of reasonable

diligence as "minimal." Her minimal efforts to reach the level of income she desires should not be rewarded with "an annuity for life" from her ex-husband. Especially when the ex-spouse's increased income is not attributable to her marital efforts.

In sum, we conclude that the family court's application of the "fairness objective" to these postdivorce proceedings constitutes a misuse of discretion. Courts should keep in mind that *LaRocque* analyzed maintenance at the termination of the marriage, not at a postdivorce proceeding, and looked to the spousal efforts that occurred up to and during the time of the divorce, not ten, fifteen or twenty years later. Accordingly, we reverse the order and remand for a determination consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.