IN RE THE MARRIAGE OF: JAYNA M. COVELLI, PETITIONER-RESPONDENT,
v.
TODD M. COVELLI, RESPONDENT-APPELLANT.
No. 2006AP205-FT.
Court of Appeals of Wisconsin, District II.
June 14, 2006.
Before Snyder, P.J., Brown and Anderson, JJ.
PER CURIAM.
¶1 Todd M. Covelli appeals from the order of the circuit court that modified his maintenance and child support obligations. The issue on appeal is whether the circuit court erred when it modified Todd's maintenance obligation. Because we conclude that the circuit court did not err, we affirm.
¶2 Todd and Jayna M. Covelli were divorced on February 6, 2005. Todd then appealed from the judgment of divorce challenging the property division, and maintenance and child support determinations. We affirmed the judgment in a decision dated May 3, 2006. Covelli v. Covelli, No. 2005AP1960 (recommended for publication, May 3, 2006). After the divorce judgment was entered, Todd filed for bankruptcy and took a job at a reduced amount of pay. Todd then moved to modify his child support and maintenance obligations based on a change in circumstances.
¶3 After a hearing on the motion, the trial court reduced the amount of Todd's child support obligation, but increased the amount of maintenance he was required to pay. The court found that as a result of Todd's bankruptcy, Jayna was forced to pay a mortgage debt that had originally been assigned to Todd. The court, therefore, increased the amount of her maintenance award by the increased amount of debt she was required to assume as a result of the bankruptcy. Todd appeals from that portion of the order.
¶4 The amount and duration of maintenance awards rest within the sound discretion of the circuit court and will not be disturbed absent an erroneous exercise of that discretion. LaRocque v. LaRocque, 139 Wis. 2d 23, 27, 406 N.W.2d 736 (1987). A request for a change in a maintenance award rests within the circuit court's discretion. Haeuser v. Haeuser, 200 Wis. 2d 750, 764, 548 N.W.2d 535 (Ct. App. 1996), abrogated on other grounds, Kruckenberg v. Harvey, 2005 WI 43, ¶¶60-62, 279 Wis. 2d 520, 649 N.W.2d 879. The modification can be made "only upon a positive showing of a change in circumstances." Id. This change must be substantial and involve a change in the financial circumstances of the parties. Id. The burden of proving the change in circumstances rests with the party seeking the change. Id.
¶5 Todd argues that the trial court erred when it increased the amount of maintenance to Jayna because it did not consider the fairness objective. We disagree. The trial court considered the circumstances of both parties in reaching its decision to increase the amount of maintenance paid to Jayna. The court found that as a result of Todd's bankruptcy, he changed the circumstances under which Jayna lived. Specifically, Jayna was required to pay the second mortgage on their home, a debt initially assigned to Todd. The court further found that the increase in maintenance was necessary to allow Jayna to maintain the home in which she lived with their children. The court increased the amount of maintenance by the amount Jayna's debt increased.
¶6 In sum, the court recognized Todd's reduced income and granted him relief by reducing the amount of child support. The court also recognized that Todd had avoided his marital obligations by filing bankruptcy, and consequently increased the amount of maintenance. The court considered the fairness to both parties and reached a reasoned and fair decision. For these reasons, we affirm the order of the circuit court.
By the Court.  Order affirmed.