**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 25, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2019AP373**

**STATE OF WISCONSIN**

Cir. Ct. No.  2014FA30

**IN COURT OF APPEALS
DISTRICT III**

IN RE THE MARRIAGE OF:

RICHARD A. LARSON,

   PETITIONER-RESPONDENT,

 V.

LAURIE A. LARSON,

   RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Brown County: JOHN ZAKOWSKI, Judge. *Affirmed in part; reversed in part and cause remanded with directions*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Laurie Larson appeals a post-divorce order, arguing that the circuit court erred by amending an earlier maintenance order and modifying a maintenance payment schedule.  For the reasons discussed below, we agree.  Therefore, we reverse that part of the order.  Laurie also challenges that part of the order denying her motion for contempt against Richard Larson.  We reject her arguments related to the contempt determination and, therefore, affirm that part of the order.

## BACKGROUND

¶2    In January 2014, Richard petitioned for a legal separation from Laurie after almost nine years of marriage, and he later converted the matter to a petition for divorce.  During the pendency of the divorce action, the court commissioner signed a stipulated order under which Richard was required to pay Laurie $1500 in temporary monthly maintenance, to commence August 21, 2014.  Pursuant to that same order, Laurie was required to make monthly mortgage payments on the marital residence.  On February 9, 2015, the temporary maintenance part of the order was suspended by the court commissioner on stipulation of the parties.

¶3    The divorce judgment was entered in October 2015.  Relevant to this appeal, the circuit court did not order maintenance at that time but, rather, retained "maintenance jurisdiction" for twenty-four months from the date of the divorce.  In August 2016, Laurie filed a motion and affidavit to show cause and to "change maintenance," claiming Richard owed her approximately $9000 under the court commissioner's temporary maintenance order.

¶4    After a hearing on Laurie's motion, the circuit court noted that between the time when the divorce petition was filed and when the divorce

judgment was entered, Richard changed jobs, resulting in a reduction of his monthly gross income from $12,000 to just over $4400. The court further noted that at the time the divorce judgment was entered it had held the issue of maintenance open in order to determine if Richard's income would increase. At the time of the December 2016 motion hearing, his monthly gross income had increased to $6500. Laurie's monthly gross income as a long-time teacher had remained at approximately $4900.

¶5     In an order entered March 30, 2017, the circuit court concluded that maintenance payments to Laurie were appropriate based on the increase in Richard's income and the court's determination that a condominium owned by Richard had been undervalued at the time of the divorce judgment. Noting that maintenance and property division are "intertwined," the court decided there was an equitable basis for ordering maintenance in the amount of $500 per month for eighteen months—from June 2017 until December 2018—with the aggregate amount reflecting the $9000 in temporary maintenance Richard should have paid pursuant to the court commissioner's order. The court added that an approximate 53/47 ratio of net disposable monthly income between the parties was fair because Richard had "been the [primary] breadwinner who made the mortgage payments during the course of the marriage." The court also ordered Richard to provide Laurie with a copy of his 2014 tax returns and pay her half of his 2014 tax refund.

¶6     In February 2018, Richard filed a motion to terminate maintenance, asserting that the March 2017 maintenance order was based upon the circuit court's mistaken belief that Laurie had made certain mortgage payments during the pendency of the divorce action. Specifically, Richard claimed he paid in excess of $12,000 in mortgage payments during the pendency of the temporary order which provided that those payments were Laurie's responsibility. Laurie

opposed the motion to terminate maintenance and filed a "motion for contempt and other relief," claiming Richard had failed to provide his 2014 tax returns or make eight months of the ordered maintenance payments. Because the 2014 tax refund amount Laurie received from Richard was markedly less than the amount Richard's counsel had earlier suggested it would be, she sought to verify the amount.

¶7 After a hearing, the circuit court denied Laurie's contempt motion and determined it would no longer "continue to order the 2014 tax returns." The court implied that verification of the amount of the 2014 tax refund was no longer necessary as the court "offset it" based on the fact that Richard made mortgage payments that Laurie was ordered to make. Although the court denied Richard's motion to terminate maintenance, it modified the maintenance payment schedule, ordering Richard to pay $500 in monthly maintenance "effective December 1, 2018 and continuing until January 31, 2020." Laurie now appeals.

## DISCUSSION

¶8 As an initial matter, Laurie asserts that the circuit court lacked subject matter jurisdiction to enter the order at issue on appeal. We disagree. In recognition of the broad nature of subject matter jurisdiction, our supreme court has stated that in Wisconsin, "no [circuit] court is without subject matter jurisdiction to entertain actions of any nature whatsoever." *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶8, 273 Wis. 2d 76, 681 N.W.2d 190. While the failure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction may result in a loss of the circuit court's competency to adjudicate a particular case before the court, a defect of competency is not jurisdictional. *Id.*, ¶9. Although we reject Laurie's challenge to the court's

4

subject matter jurisdiction, we nevertheless agree that the court erroneously exercised its discretion by amending the March 30, 2017 order and modifying the payment schedule established therein.

¶9      The circuit court construed Richard's motion as a request for reconsideration of its order awarding maintenance to Laurie based on newly discovered evidence—specifically, the evidence that Richard had made mortgage payments that were Laurie's responsibility.  Citing WIS. STAT. § 805.17(3) (2017-18),[1] Laurie argues that such a motion was time-barred.  That statute provides, in relevant part: "Upon its own motion or the motion of a party made not later than 20 days after entry of judgment, the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly."  Sec. 805.17(3).  That statute, however, applies following a "[t]rial to the court."  Sec. 805.17.  Because the record does not include a transcript of the hearing underlying the March 30, 2017 order, it is unclear whether evidence or sworn testimony was taken during the proceeding and, thus, whether that statute applies to the instant matter.

¶10     In any event, the purported "new evidence" was not new; therefore, Richard's argument is claim precluded.  The doctrine of claim preclusion exists to prevent endless litigation.  Under the doctrine, "a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated *or which might have been litigated* in the former proceedings."  ***Lindas v. Cady***, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994) (emphasis added).  The

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

elements of claim preclusion are traditionally stated as "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction." *Wisconsin Pub. Serv. Corp. v. Arby Const., Inc.*, 2012 WI 87, ¶35, 342 Wis. 2d 544, 818 N.W.2d 863 (citation omitted).

¶11    The elements of claim preclusion are present here. There is an identity between the parties in the prior and present litigation; both the prior and present litigation involve maintenance; and the amount of maintenance payments was determined by the March 30, 2017 order. Richard knew (or should have known) even before the divorce judgment was entered that he had made mortgage payments when Laurie had been ordered to do so. Thus, Laurie's purported failure to make mortgage payments pursuant to the court commissioner's temporary order does not constitute "new" evidence, and a challenge to maintenance based on those payments could have been made at the hearing preceding the March 2017 order. As the circuit court acknowledged in the order presently on appeal: "There was no mention of any mortgage payments made by Richard in the [March 30, 2017] decision. The time for him to raise the payments of the mortgage would have been at our hearing in December, 2016." Richard is claim precluded from seeking a modification or termination of maintenance based upon the mortgage payments he previously made. The court therefore erred by amending its earlier order on this basis.

¶12    We also conclude the circuit court erred by modifying the maintenance payment schedule. A request for a change in a maintenance award rests within the circuit court's discretion. *Haeuser v. Haeuser*, 200 Wis. 2d 750, 764, 548 N.W.2d 535 (Ct. App. 1996), *abrogated on other grounds by Kruckenberg v. Harvey*, 2005 WI 43, 279 Wis. 2d 520, 694 N.W.2d 879. "A

circuit court erroneously exercises its discretion if it makes an error of law or neglects to base its decision upon facts in the record." *King v. King*, 224 Wis. 2d 235, 248, 590 N.W.2d 480 (1999). A modification to maintenance can be made "only upon a positive showing" of a substantial change in the parties' financial circumstances, a burden borne by the party seeking modification. *Haeuser*, 200 Wis. 2d at 764.

¶13 When determining whether there has been a substantial change in the parties' financial circumstances, "the appropriate comparison is to the set of facts that existed at the time of the most recent maintenance order, whether that is the original divorce judgment or a previous modification order." *Kenyon v. Kenyon*, 2004 WI 147, ¶27, 277 Wis. 2d 47, 690 N.W.2d 251. Here, Richard's motion to modify maintenance did not allege a substantial change in circumstances since the most recent maintenance order. Rather, the motion was based on the mortgage payments he made before that order. Because Richard did not allege a qualifying change in circumstances, the circuit court erroneously exercised its discretion when it modified the maintenance order based upon evidence that could have been presented earlier. We therefore reverse the court's order and remand the matter with directions to reinstate the March 30, 2017 maintenance order, thus also requiring Richard to turn over his 2014 tax returns.

¶14 Laurie also asserts that the circuit court erred by refusing to find Richard in contempt. A circuit court's use of its contempt power is reviewed for an erroneous exercise of discretion. *See City of Wis. Dells v. Dells Fireworks, Inc.*, 197 Wis. 2d 1, 23, 539 N.W.2d 916 (Ct. App. 1995). Although the proper exercise of discretion contemplates that the circuit court explain its reasoning, when the court does not do so, we may search the record to determine if it

supports the court's discretionary decision. *See **Randall v. Randall***, 2000 WI App 98, ¶7, 235 Wis. 2d 1, 612 N.W.2d 737.

¶15    Here, Laurie has not developed an argument showing that the circuit court erroneously exercised its discretion when denying her contempt motion. Although it was improper for the court to consider Richard's mortgage payments as grounds for amending the March 2017 order or modifying the maintenance schedule, Laurie has not established how it was improper for the court to consider those payments in weighing the equity of a contempt finding. Because the record supports the court's discretionary decision, Laurie's challenge to the denial of her contempt motion fails.

*By the Court*.—Order affirmed in part; reversed in part and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.