COURT OF APPEALS
DECISION
DATED AND FILED

May 9, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1164**

Cir. Ct. No. **2016FA1471**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

ELISA ELLEN BARONE CORBEILLE,

  JOINT-PETITIONER-RESPONDENT,

 V.

CURTIS PAUL BARONE CORBEILLE,

  JOINT-PETITIONER-APPELLANT.

---

APPEAL from an order of the circuit court for Brown County: DONALD R. ZUIDMULDER, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Curtis Barone Corbeille appeals an order denying his motion to reduce or terminate maintenance he pays to his former wife,

Elisa Barone Corbeille.[1]   Corbeille argues that the circuit court erred by concluding he was estopped from pursuing maintenance modification.  For the reasons discussed below, we affirm the order.

## BACKGROUND

¶2     The parties divorced in April 2017 after more than twelve years of marriage.  Pursuant to a marital settlement agreement that was incorporated into the divorce judgment, Corbeille agreed to pay Barone $1,600 in monthly maintenance for ten years—from December 2016 until December 2026.  In April 2018, the parties, without the assistance of counsel, attempted to modify maintenance by stipulation.  Because their stipulation was never approved by the circuit court, the court later deemed the stipulation to be unenforceable, leaving the original terms of the marital settlement agreement in place.

¶3     In February 2019, Corbeille filed a motion for revision of the divorce judgment seeking, among other requests, a modification or termination of his maintenance payments.  Corbeille stated that he was unable to meet his maintenance obligation because he was no longer receiving overtime hours from his employer.  Corbeille also claimed that the parties informally agreed the maintenance payments would be reduced after the sale of their home, and the home was sold in April 2018.  Corbeille added that Barone had sufficient income to support herself because she was living in her boyfriend's home with minimal expenses.  At an April 2019 motion hearing, the circuit court approved the parties' stipulation to reduce Corbeille's maintenance payments to $1,300 per month,

---

[1] Because the parties share a surname, we will refer to the appellant as "Corbeille" and the respondent as "Barone."

continuing until "December 31, 2026 or upon remarriage or death of the wife, or by Court order, whichever comes first which is consistent with the divorce judgment filed on April 3, 2017."

¶4      Barone subsequently moved the circuit court for remedial contempt based on Corbeille's failure to pay maintenance as required under the April stipulation.  At a July 10, 2019 hearing, the court approved the parties' agreement for the payment of maintenance and arrears.  The court also expressed its hope that the parties would not return to court until the point when Corbeille satisfied his arrearage payment plan.

¶5      In July 2020, Corbeille filed the underlying motion to terminate or modify maintenance.  After briefing by the parties, the circuit court denied the motion, concluding that Corbeille was estopped from seeking maintenance modification "based upon conduct that he has demonstrated in this case over a number of … hearings."  This appeal follows.

## DISCUSSION

¶6      Although we agree with the circuit court's decision to deny Corbeille's motion, we affirm on different grounds.[2]  *See **State v. Baudhuin***, 141 Wis. 2d 642, 648, 416 N.W.2d 60 (1987) (where the circuit court's decision is correct, we may affirm on grounds not utilized by that court).  A request for a change in a maintenance award rests within the circuit court's discretion.  ***Haeuser***

---

[2] In his reply brief, Corbeille contends that we cannot affirm based on the merits of his underlying motion because this alternate argument was made by Barone for the first time on appeal.  A respondent, however, may advance for the first time on appeal any argument that will sustain the circuit court's ruling.  *See **State v. Holt***, 128 Wis. 2d 110, 124-25, 382 N.W.2d 679 (Ct. App. 1985), *superseded by statute on other grounds*.

*v. Haeuser*, 200 Wis. 2d 750, 764, 548 N.W.2d 535 (Ct. App. 1996), *abrogated on other grounds by* **Kruckenberg v. Harvey**, 2005 WI 43, 279 Wis. 2d 520, 694 N.W.2d 879. Even if the circuit court fails to articulate the reasons for its decision, we will independently review the record to determine whether there is any reasonable basis upon which we may uphold the court's discretionary decision. **State v. Davidson**, 2000 WI 91, ¶53, 236 Wis. 2d 537, 613 N.W.2d 606.

¶7 Maintenance modification can be made "only upon a positive showing" of a substantial change in the parties' financial circumstances, a burden borne by the party seeking modification. **Haeuser**, 200 Wis. 2d at 764. We review a circuit court's determination of whether there was a substantial change in circumstances for an erroneous exercise of discretion. *See* **Cashin v. Cashin**, 2004 WI App 92, ¶44, 273 Wis. 2d 754, 681 N.W.2d 255. When determining whether there has been a substantial change in the parties' financial circumstances, "the appropriate comparison is to the set of facts that existed at the time of the most recent maintenance order, whether that is the original divorce judgment or a previous modification order." **Kenyon v. Kenyon**, 2004 WI 147, ¶27, 277 Wis. 2d 47, 690 N.W.2d 251. The circuit court "should compare the facts regarding the parties' current financial status with those surrounding the previous order in determining whether the movant has established the requisite substantial change in circumstances so as to warrant modification of the maintenance award." *Id.*, ¶2.

¶8 Here, the grounds for Corbeille's July 2020 motion to modify maintenance were substantially similar to the grounds set forth in his February 2019 motion. The primary arguments in support of both motions were that Corbeille was no longer working overtime hours; that he was entitled to a reduction in maintenance after the sale of the parties' home; and that Barone had no need for maintenance because she was living with her boyfriend.

¶9 In his 2020 motion, the factual basis for Corbeille's last two primary arguments remained the same. With respect to his overtime hours argument, both the February 2019 and July 2020 motions stated that Corbeille was working forty hours per week at Dorn's Delivery in Appleton. In the February 2019 motion, Corbeille stated that he was "no longer getting [overtime] hours" from his employer, and in the July 2020 motion, he stated that his doctor recommended that he "no longer work any overtime" due to shoulder and back issues. Thus, although the factual basis for the inability to work overtime hours had changed, the underlying ground for maintenance modification—a lack of overtime hours—remained the same in both motions.

¶10 Ultimately, Corbeille failed to make a positive showing that there was a substantial change in the parties' financial situation between the February 2019 and July 2020 motions to justify either terminating or reducing the maintenance award. We therefore affirm the circuit court's order.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).