SCHAFER, Appellant, v. SCHAFER, Respondent.

*February 2—March 8, 1960.*

For the appellant there was a brief by *Kersten & McKinnon* of Milwaukee, and oral argument by *Charles J. Kersten*.

For the respondent there was a brief by *Clayton A. Cramer,* and oral argument by *Mr. Cramer* and *Mr. A. Warren Cahill,* both of Waukesha.

DIETERICH, J.   The sole issue upon this review is whether the trial court abused its discretion in appraising the value of the interest that the defendant had in the federal civil-service retirement fund, of which he was a participating member.

The testimony and stipulation of the parties established the value of the small tools, 1931 Chevrolet automobile, 1948 Kaiser automobile, good will of the plaintiff's insurance business, and the value of defendant's interest in the federal civil-service retirement fund as follows:

| | |
|---|---:|
| Homestead | $17,800.00 |
| Household furniture | 750.00 |
| Garden tractor | 75.00 |
| Net value of defendant's government life insurance | 1,138.41 |
| Cemetery lots | 375.00 |
| Cash | 516.62 |

| | |
|---|---|
| Plaintiff's insurance business........ | $1,400.00 |
| Small tools, 1931 Chevrolet, and 1948 Kaiser ..................... | 50.00 |
| Trade-in allowance for 1949 Hudson (received by plaintiff after action commenced but before trial)...... | 300.00 |

*Retirement Fund.*

The defendant at the time of trial was fifty-six years of age, employed as a mail carrier and had been so employed for over thirty years. All during that time he had continually made contributions, by compulsory deduction from his salary, to the retirement fund totaling, with interest thereon, the amount of $6,234.04. On the date of this trial he was actively employed as a mail carrier not receiving any benefits under the Retirement Act, but was entitled, if he desired to retire, to receive an annuity for life payable at the rate of $237 per month. Under the Retirement Act, the defendant postal employee had the option to remain at work until he reached the compulsory-retirement age of seventy years. If he retired at the age of sixty years, he would be eligible to an annuity of $281 per month.

If we were to assume, under the Retirement Act, that the plaintiff had become the widow of the defendant on the date of trial, she would have been entitled to receive an annuity in the amount of $140.50 per month for life or as long as she remained unmarried, and assuming further if he left no widow, his estate then would have been entitled on that date to $6,263.04 as a lump-sum settlement of the interest of the defendant in the retirement fund.

There are other possibilities which could arise and cut off defendant's benefits. An employee under the federal civil-service retirement fund has no vested right in a retirement or pension fund, even when the contributions to such fund

are made compulsory rather than voluntary, until the occurrence of the event when the money from the fund actually becomes payable to the pensioner. *Price v. Folsom* (1959), 168 Fed. Supp. 392, 398, and *Rafferty v. United States* (3d Cir. 1954), 210 Fed. (2d) 934, 936.

There was evidence that an annuity purchased from a private company equal to the annuity which defendant could have enjoyed if he had retired at the time of trial would cost some $49,000. The trial court was of the opinion that, under the circumstances, placing any such value on the defendant's interest would be wholly speculative and would impose a grossly inequitable burden upon him.

The trial court determined the value of the defendant's interest in the retirement fund as of December 3, 1956, at $6,263.04 and awarded the plaintiff the amount of $2,100 to be paid in equal monthly instalments of $50 per month until fully paid. It also awarded alimony in the amount of $50 per month with the proviso that the future potential value of defendant's interest in the retirement fund be a subject for consideration in determining alimony at such time as defendant has actually received more than $6,263.04 as an annuitant under the fund.

We concur in the trial court's determination, and the judgment is affirmed.

*By the Court.*—Judgment affirmed.