Edmund E. PELOT, Plaintiff-Appellant,

v.

Maxine L. PELOT, Defendant-Respondent.

Court of Appeals

*No. 82–1535. Submitted on briefs July 13, 1983.—
Decided November 22, 1983.*
(Also reported in 342 N.W.2d 64.)

For the plaintiff-appellant the cause was submitted on the briefs of *James J. Bolgert* and *Glinski, Haferman, Ilten, Mills & Dreier, S.C.* of Stevens Point.

For the defendant-respondent the cause was submitted on the brief of *Leon S. Schmidt, Sr.,* and *Schmidt, Thibodeau & Schmidt,* of Wisconsin Rapids.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

GARTZKE, P.J. Edmund Pelot appeals from an order reducing maintenance payable to Maxine Pelot.[1] We hold that the trial court improperly treated Edmund's pension as income. We therefore reverse and remand for further proceedings.

When the divorce was granted in 1979, the trial court ordered Edmund to pay $450 alimony and $200 support per month, and divided the marital estate, about $43,047 to Edmund and $43,156 to Maxine. As part of the property division, the court assigned to Edmund $2,260 in bank accounts and life insurance cash values, a $20,600 lien on the home, and his interest in his union pension fund, valued at $9,680. Maxine received a car and furniture valued at $3,200, a life insurance policy having a $556 cash value, and the home valued at $60,000, subject to Edmund's $20,600 lien payable in five years with six percent interest. We do not know how the property values were fixed. The trial record is not before us.

Edmund has moved to modify the support and alimony provisions. At the motion hearing he testified he had

---

[1] In addition to changing some of the factors the court considers when granting alimony, the Divorce Reform Act of 1977 changed the term alimony to maintenance payments throughout the statutes. Wis. Stats. Ann. sec. 767.26 at 325 (West 1981) (Legislative Council Note—1977).

been recently laid off and then retired. Before the lay-off, he grossed about $2,514 in wages per month. His present monthly income is $480 from social security and $473 from his pension, payable for life. His employer's contributions to the pension fund totaled $15,191. He contributed nothing to it. He has $25,000 in a money market certificate on which 15% is payable, which he cannot withdraw until early 1984. According to his financial disclosure statement, he has $826 in monthly expenses, excluding support and maintenance payments.

Maxine testified that her gross monthly wages as a clerk are $759.53. Because Edmund has retired, she receives $300 in monthly social security benefits for their child. Combined monthly expenses for her and the child are $1,125.52.

The trial court found the circumstances of the parties have changed substantially and concluded that Edmund should no longer be required to pay support. That conclusion is uncontested.

The trial court concluded that, considering Edmund's income had been halved and Maxine's income had been doubled since the divorce, $250 per month is a fair and proper amount for him to pay as maintenance. The court took into account Edmund's social security and pension benefits and $300 monthly interest income from the money market fund. It found that the value of Edmund's interest in the pension plan had increased from about $9,680 in 1979 to about $15,060.

Our review of an order modifying maintenance is limited to whether the trial court abused its discretion. *Vander Perren v. Vander Perren,* 105 Wis. 2d 219, 226–27, 313 N.W.2d 813, 817 (1982).

Edmund argues the trial court improperly treated the pension plan awarded to him in the property division as income. We agree and conclude that on remand, the trial

court should exclude from Edmund's income his monthly retirement benefits until those benefits total $9,680, the value of the fund when it was assigned to him in the divorce.

When a divorce is granted, the present value of a pension fund should usually be included in the marital estate for purposes of property division. *Pinkowski v. Pinkowski,* 67 Wis. 2d 176, 179–180, 226 N.W.2d 518, 520 (1975), and *Kronforst v. Kronforst,* 21 Wis. 2d 54, 63–64, 123 N.W.2d 528, 534 (1963). A property interest in a pension plan usually cannot be divided but its value should be taken into account. *Schafer v. Schafer,* 3 Wis. 2d 166, 170–71, 87 N.W.2d 803, 805–806 (1958). That value is its present value when the divorce is granted. *Bloomer v. Bloomer,* 84 Wis. 2d 124, 132, 267 N.W.2d 235, 239 (1978). If the present value is included in the estate, then the pension payments themselves are not counted as income for purposes of fixing maintenance when the divorce is granted. *Pinkowski,* 67 Wis. 2d at 183, 226 N.W.2d at 521; *Kronforst, supra.*

The extent to which pension payments may be considered income in post-divorce proceedings is an open question. In *Schafer v. Schafer,* 9 Wis. 2d 502, 505, 101 N.W.2d 780, 782 (1960), the trial court included the husband's $6,263.04 retirement fund in the property division. The husband had not retired. The *Schafer* court said it concurred with the trial court's "proviso" that after he had received more than $6,263.04 in benefits, the husband's interest in the fund be considered when determining alimony. *Id.* That issue was not before the *Schafer* court. Its dictum has not been cited in a reported decision. We do not rely upon it.

Later decisions noted the post-divorce pension issue but postponed its resolution. In *Pinkowski* the trial court excluded the value of a retirement fund from the marital estate in an effort to save the pension as an income

source for future alimony. The *Pinkowski* court held that the present value of the plan must be included in the estate. Quoting dictum in *Cary v. Cary*, 47 Wis. 2d 689, 694, 177 N.W.2d 924, 927 (1970), the *Pinkowski* court said the changed circumstances attending retirement were "best considered at the time of the event." 67 Wis. 2d at 185, 226 N.W.2d at 522. The *Kronforst* court intimated the same result. It held that alimony could not be awarded in the original divorce because the husband's income was insufficient after excluding retirement payments, but directed the trial court to retain jurisdiction to award alimony, should the parties' circumstances change.[2] 21 Wis. 2d at 64–5, 123 N.W.2d at 534.

*Pinkowski* and *Kronforst* do not explain why retirement benefits must be excluded from income when originally fixing alimony (now maintenance) if a retirement fund is included in the property division. The *Kronforst* court said only that it viewed the matter no differently than if the present value of the plan "had constituted cash in a bank deposit standing in defendant's name. Such an asset cannot be included as a principal asset in making division of the estate and then also as an income item to be considered in awarding alimony." 21 Wis. 2d at 64, 123 N.W.2d at 534.

We question whether the *Kronforst* rule is absolute. Both *Kronforst* and *Pinkowski* arose before the 1977 Divorce Reform Act. That act created what is now sec. 767.26, Stats., which authorizes the trial court to award maintenance payments to either party after considering various factors, including the property division. Sec. 767.26(3). *Bahr v. Bahr*, 107 Wis. 2d 72, 80, 318 N.W.

---

[2] The court said, "One possible change of circumstance would be the future improvement of defendant's health so as to permit some gainful employment on his part." *Kronforst*, 21 Wis. 2d at 64–5, 123 N.W.2d at 534.

2d 391, 396 (1982), recognized the close relationship between maintenance and property division and held that a substantial error in the division requires reconsideration of a maintenance award. Accordingly, if the value of a pension fund is included in the property division, the court may consider it when making a maintenance award, although it must be considered differently from property which can be presently enjoyed.[3]

Maxine, however, does not ask us to consider Edmund's pension as property. She wants it treated as income, and therefore as a source she may invade for her maintenance. It is arbitrary, however, to treat Edmund's pension payments as income and therefore to deprive him of it before he has had the present enjoyment of the $9,680 assigned to him in the property division. Maxine had the continuous enjoyment of the property she received. Discretion is misused if exercised arbitrarily. *Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 181, 311 N.W.2d 673, 676 (1981).

The same thought underlies *D'Oro v. D'Oro,* 454 A.2d 915 (N.J. Super. Ct. Ch. Div. 1982). In *D'Oro* the court included the value of the husband's pension in the marital estate, which it divided two-thirds to the husband and one-third to the wife. The husband later retired and sought to reduce the alimony award. The court excluded the husband's pension payments from his income when modifying alimony. The court said the plaintiff wife "has received the present use of her share of defendant's pension. Defendant has not. He must, perforce, survive for a stated time to receive such dollars as may equate to $\frac{2}{3}$ of his share of 'present value,' including developmental and cumulative interest." *D'Oro,* 454 A.2d at 917. The court said that whether the pension payments

---

[3] We do not decide whether Edmund's pension, considered as property, may be used for Maxine's maintenance.

should be considered income after he "has received his share of 'present value' is left to another day." *Id.*

Our quarrels with *D'Oro* have to do with "developmental and cumulative interest" and the amount Edmund should recover before counting the pension as income. If the value of the pension fund was properly determined when the divorce was granted, the fund was discounted to the time of his retirement, and future earnings on the fund were taken into account. To consider such interest on earnings now would result in a windfall. If the then present value was not properly determined at the time of the divorce, it is too late to redo it.

The *D'Oro* court held without discussion that because the husband received two-thirds of the marital estate, two-thirds of the pension plan's value must be recovered before the pension payments could constitute income. We disagree. The full value must be recovered. In this state, a property division normally consists of determining the total value of the marital estate, determining the percentage of that value distributable to each spouse, and assigning enough property to each spouse to satisfy that percentage. The full value of every asset assigned to each spouse is credited against that spouse's percentage share in the marital estate. Edmund was assigned and should receive the full value of his pension plan, $9,680, before his pension benefits can be considered income.

Edmund also argues the trial court erred in considering the interest earned on his $25,000 money market fund. He lives in a $1,000 house trailer and argues that his $25,000 investment results from his frugality, which ought not be penalized. Had Edmund purchased a reasonably priced permanent home rather than a trailer, Maxine could not complain. By choosing unusually low-

priced housing, he has freed capital which produces interest income. That income is available to support both him and his ex-wife. The court did not abuse its discretion in considering it.

Edmund argues the trial court erred in considering the interest accumulating in his money market fund as current income. He cannot withdraw the interest without a penalty until 1984. The court did not abuse its discretion. Edmund chose the investment but Maxine has present needs. She need not fast and feast. The trial court, however, may consider whether Edmund will suffer an interest penalty when determining income available for maintenance.

*By the Court.*—Order reversed insofar as it fixes maintenance and matter remanded for further proceedings consistent with this opinion.