IN RE the MARRIAGE OF:

Erna SEIDLITZ, Petitioner-Respondent,

v.

Dieter SEIDLITZ, Respondent-Appellant.

Court of Appeals

*No. 97–0824. Submitted on briefs December 19, 1997.—Decided February 11, 1998.*

(Also reported in 578 N.W.2d 638.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Eileen Miller Carter* and *Janel M. Gieringer* of *Stupar & Schuster, S.C.* of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Christine Harris* of Milwaukee.

Before Snyder, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Dieter Seidlitz appeals from an order denying his motion to terminate maintenance to his former wife, Erna Seidlitz. Instead of terminating maintenance as Dieter requested, the family court reduced maintenance based on Dieter's postdivorce retirement. On appeal, Dieter argues that the family court erroneously exercised its discretion: (1) by failing to properly consider Erna's need for maintenance, (2) by refusing to consider Erna's income from Dieter's

pension which had previously been awarded to Erna in the property division, and (3) by failing to consider the increase in the pension's value between the time of divorce and the time of Dieter's retirement.

We reject Dieter's challenges and affirm the order.

## FACTS

Dieter and Erna were divorced on October 30, 1995, after thirty-two years of marriage. However, the judgment was not entered until May 17, 1996. As to maintenance, the family court sought to equalize the parties' disposable incomes and, as a result, the court ordered Dieter to pay maintenance to Erna in the amount of $785 per month on an indefinite basis. This calculation was based on an imputed income to Erna in the amount of $12,000 to $14,000 even though she was not then working. The court noted that Dieter, then age sixty-one, was approaching retirement and that the income available to Dieter at the time of retirement would have to be addressed in the future. However, the court also noted that a continued equalization of the parties' incomes at the time of Dieter's retirement would likely be appropriate.

As to the property division, the parties arrived at a partial marital settlement agreement which disposed of certain assets. The remaining assets were divided on an equal basis by the family court. As part of the equal property division, Erna was awarded the homestead, a rental property and Dieter's pension fund.[1] The total value of the marital assets awarded Erna was $357,976. Dieter received marital assets worth $360,095, including the parties' remaining rental

---

[1] The parties' briefs do not advise as to the value placed on Dieter's pension.

properties and an IRA. Neither party appealed the judgment.

Dieter retired on March 30, 1996. On April 17, 1996, one month before the judgment was entered, Dieter filed a motion for modification of maintenance. Dieter's motion alleged that his retirement from his full-time job constituted a substantial change of circumstances. The matter was initially heard by a family court commissioner who denied Dieter's motion.

Dieter then sought and received a de novo review of his motion seeking to terminate maintenance. The family court conducted the hearing on Dieter's motion on July 3 and October 30, 1996. The court then issued an oral decision on November 21. The court held that Dieter's retirement was reasonable and constituted a substantial change of circumstances. The court rejected Dieter's claim for a termination of maintenance, but did reduce his monthly maintenance obligation from $785 to $485, effective April 12, 1996. This reduction maintained the equalization of income approach which the court had utilized when calculating the original maintenance award. The court, however, did not consider the payments to Erna from Dieter's pension as part of her income stream. The court concluded that this would constitute improper "double-counting" of an asset awarded to Erna in the equalized property division. Dieter appeals, arguing that the family court should have terminated Erna's maintenance.[2]

---

[2] Erna does not appeal the trial court's ruling that Dieter's retirement constituted a substantial change of circumstances or the reduction of maintenance.

## DISCUSSION

■
The decision to modify maintenance rests within the sound discretion of the family court. *See Haeuser v. Haeuser,* 200 Wis. 2d 750, 764, 548 N.W.2d 535, 541 (Ct. App. 1996). This court will not disturb the circuit court's decision unless the circuit court erroneously exercised its discretion. *See LaRocque v. LaRocque,* 139 Wis. 2d 23, 27, 406 N.W.2d 736, 737 (1987).

### *The Postdivorce Pension Value*

We begin by addressing Dieter's final argument that the family court erred by failing to consider any increase in the value of the pension between the date of the judgment of divorce, October 30, 1995, and the date of Dieter's retirement on March 30, 1996. Dieter correctly maintains that pursuant to the supreme court's ruling in *Olski v. Olski,* 197 Wis. 2d 237, 247, 540 N.W.2d 412, 415–16 (1995), the portion of the proceeds from a pension which are attributable to postdivorce employment may be counted for purposes of maintenance.

However, there is no indication in the record that Dieter ever raised this issue before the family court. As such, it is waived. *See Wengerd v. Rinehart,* 114 Wis. 2d 575, 580, 338 N.W.2d 861, 865 (Ct. App. 1983). In addition, we take note that only five months elapsed between the granting of the divorce and Dieter's retirement, raising the distinct possibility that any increase in the value of the pension was de minimis. Because Dieter never raised this issue in the trial court, he also failed to demonstrate that any increase in the value of the pension was of any consequence. On these additional grounds, we decline to address this issue. *See id.*

*Equalization of Income*

■
Dieter next argues that although the family court considered his ability to pay maintenance following retirement, it erroneously failed to consider Erna's financial needs. We disagree. In the original judgment of divorce and again in the decision denying Dieter's motion to terminate maintenance, the family court expressly determined that an equalization of income was appropriate in this case. The court's setting of maintenance in both instances adheres to that principle.

"This court has said that when a couple has been married many years and achieves increased earnings, it is reasonable to consider an equal division of total income as a starting point in determining maintenance. Over a long marriage the parties each contribute to the stream of income as marital partners and should share the rewards." *LaRocque*, 139 Wis. 2d at 39, 406 N.W.2d at 742 (citation omitted). This percentage may be adjusted following reasoned consideration of the statutorily enumerated maintenance factors. *See id.*

Here, the judgment of divorce sets forth the family court's findings regarding each of the statutory factors under § 767.26, STATS. The family court found in part that the parties' thirty-two year marriage was "clearly long-term." Dieter had worked at Oil Gear Company for thirty-seven years while Erna had not worked outside of the home since 1965 or 1966. Dieter and Erna had a mutual agreement that Dieter would work and manage the rental properties while Erna stayed at home raising the parties' two minor children. With only a high school education, the court found that Erna was suitable only for unskilled or semi-skilled entry level

employment. Both Erna and Dieter had contributed to the upkeep and operation of several rental units.

After considering each factor, the family court determined that an equalization of income was appropriate. In making this computation, the court even imputed income to Erna although she was not then working. The court found that if Dieter paid maintenance to Erna in the amount of $785 per month, Dieter would have a disposable income of $1496 and Erna would have a disposable income of $1490. In addition, the court noted that Dieter might be retiring soon and that the court would have to reevaluate Dieter's income at that time. However, the court also observed that an equalization of income approach in that eventuality would still be appropriate.

At the postdivorce proceeding on Dieter's motion, the family court determined that Dieter had met his burden to show a substantial change in circumstances. *See Haeuser*, 200 Wis. 2d at 764, 548 N.W.2d at 541; *see also* § 767.32(1)(a), STATS. However, it does not follow that such a finding requires a termination of maintenance. Rather, the level of maintenance still remains committed to the family court's discretion. *See Haeuser*, 200 Wis. 2d at 764, 548 N.W.2d at 541. Under the circumstances of this case, the court determined that a modification—not a termination—of maintenance was appropriate. And, in fixing the level of maintenance, the court maintained its view that the circumstances of this case—particularly the long term of the marriage—warranted an equalization of income.

With respect to Erna's financial situation at the time of the hearing on Dieter's motion for termination, the family court found that:

> [A]t the time of the final divorce hearing, the Court found that the petitioner had an earning capacity of $12,000.00 to $14,000.00 annually and the Court compromised on that amount and thus imputed a figure of $13,000.00 income to Erna. The Court further finds that presently, the petitioner has taken concerted steps to find various employment, and for various factors which may relate to her lack of skills and her age and various other reasons she has been unable to find that employment so she works at Steins on a part time basis at the rate of $5.25 per hour.

Based on Erna's postdivorce employment, the family court lowered Erna's income figure from $13,000 to $10,920 based on a forty-hour week at an hourly wage of $5.25, although Erna was only working twenty hours per week. The court also added the $6021 per year in net income which Erna received from the rental property which she was awarded in the property division.

The family court found that Dieter's income following his retirement consisted of $11,160 per year in nontaxable social security and net rental income of $13,200 per year. Based on its belief that an equalization of income was still warranted in this case, the family court reduced Dieter's maintenance payments from $785 to $485 per month.

The record reveals that the family court conducted a thorough examination of each party's financial situation. And, the court's adoption of the equalization of income approach was proper under the facts of this case, especially in light of the long-term marriage of the parties.

*"Double-Counting"*

Dieter further contends that the family court erred by failing to consider the pension income from the pension awarded to Erna in the equalized property division. Dieter argues that the trial court erroneously determined that the income which Erna receives from the distribution of his pension should not be "double-counted" by considering the distributions as income for purposes of maintenance. We are unpersuaded.

In *Kronforst v. Kronforst*, 21 Wis. 2d 54, 64, 123 N.W.2d 528, 534 (1963), the supreme court set forth a rule against "double-counting" an asset as a principal asset in making the property division and also as an income item to be considered in awarding maintenance. Since the proceedings in this case, our supreme court has stated that the "double-counting" rule is not absolute; rather, it "serves to warn parties, counsel and the courts to avoid unfairness by carefully considering the division of income-producing and non-income-producing assets and the probable effects of that division on the need for maintenance and the availability of income to both parents for child support." *Cook v. Cook*, 208 Wis. 2d 166, 180, 560 N.W.2d 246, 252 (1997). Based on our review of the record, we are satisfied that the family court's refusal to "double-count" is supported by law and did not result in unfairness to the parties.

In its decision on Dieter's motion, the family court addressed Dieter's argument that Erna's income from the pension should be added into her overall financial circumstances. The family court rejected this argument stating:

The Court believes that it should not consider the income from that portion of the pension which was awarded to Erna for maintenance calculations. If the Court did, I would believe that that would constitute double counting because that was an asset that was awarded to her at the time of the divorce. I cannot count it for property division and then also count it as an income stream for maintenance; therefore, in this Court's ultimate analysis, I have not added in any of that income that will be eventually flowing to her . . . from the Oil Gear pension because that would constitute double-counting.

The family court's ruling is supported by case law. In *Pelot v. Pelot*, 116 Wis. 2d 339, 341–42, 342 N.W.2d 64, 65 (Ct. App. 1983), the payor received monthly pension benefits from the principal of the pension. Because the payments were not a distribution of the annual interest earned on the principal, the court held that the income from the pension itself, although taxable, could not be considered income to determine the payor's ability to pay maintenance. *See id.* at 342–43, 342 N.W.2d at 66.

Similarly, the income which Erna receives from the pension is not from an asset which itself is marketable and salable. *Instead, the payments to Erna represent the payout of the asset itself.* This is a subtle, but important, distinction. That the trial court grasped this distinction is evidenced by the court's differing treatment of the income producing assets awarded to Erna. As to the rental property awarded to Erna, the court properly included the income produced by this asset for purposes of maintenance. *See Hommel v. Hommel*, 162 Wis. 2d 782, 793, 471 N.W.2d 1, 5 (1971). Despite that income, the rental property remains a discrete asset with marketable value. However, recognizing that the pension provides no separate intrinsic

91

benefit to Erna other than by the retirement income it provides, the court properly excluded the income from Erna's income stream.

We also note that the family court's finding is in keeping with the well-established principle that a spouse should not be forced to invade the property division in order to live while the other does not. *See Dowd v. Dowd*, 167 Wis. 2d 409, 417, 481 N.W.2d 504, 507 (Ct. App. 1992). Although the court did not make a finding that Erna would have to invade her property division for support if it were to consider the pension payments for purposes of maintenance, it is apparent from the record that this would likely be the case. Erna's estimated monthly expenses amount to $1965.95. In the absence of maintenance payments, Erna would have to invade her property division to support herself whereas Dieter, who receives income from both social security and the proceeds from his rental property, would not. Such a result would upset the premise upon which the trial court made the original property division and maintenance awards. Under the facts of this case, if the trial court had terminated maintenance, then fairness would have required that the court also reexamine the property division pursuant to § 806.07, STATS., assuming the time limitations and the equities of that statute are satisfied.[3]

Under the facts of this case, we conclude that it was not unfair for the family court to exclude the income which Erna receives from the deferred payment of her marital property pension award.

---

[3] While certain provisions of a divorce judgment may be modified under § 767.32(1)(a), STATS., this statute expressly bars modification of the property division provisions of a divorce judgment. Thus, any relief from the property division provisions of a divorce judgment must come under § 806.07, STATS.

## CONCLUSION

We conclude that Dieter has waived his argument that the family court erred by failing to account for any increase in the pension's value following the divorce judgment. We further conclude that the family court properly exercised its discretion when it determined that an equalization of income was appropriate in fixing the level of Dieter's reduced maintenance obligation and that the court otherwise fully considered the financial circumstances of the parties. Finally, we conclude that the family court did not erroneously exercise its discretion when it refused to "double-count" Erna's payments from the pension which she was awarded in the property division. We therefore affirm the order denying Dieter's motion to terminate maintenance.

*By the Court.*—Order affirmed.