COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP2145**

Cir. Ct. No. **2019FA155**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

IN RE THE MARRIAGE OF:

MARK EDWARD STURDEVANT,

   PETITIONER-APPELLANT,

 V.

TAMMY JO STURDEVANT,

   RESPONDENT-RESPONDENT.

APPEAL from a judgment of the circuit court for Columbia County: TROY D. CROSS, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Mark Sturdevant, pro se, appeals the judgment of divorce that dissolved his marriage to Tammy Sturdevant.  He makes thirteen separate arguments on appeal, twelve relating to property division and one relating to maintenance.  For the reasons that follow, we reject these arguments and affirm the judgment.

¶2    The division of property and determination of maintenance in divorce actions are decisions "entrusted to the discretion of the circuit court, and are not disturbed on review unless there has been an erroneous exercise of discretion."  *LeMere v. LeMere*, 2003 WI 67, ¶13, 262 Wis. 2d 426, 663 N.W.2d 789.  The court properly exercises discretion as long as it "'examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach.'"  *Id.* (quoted source omitted).

¶3    Mark's first argument is that the circuit court erred in the property division by not using a balance sheet that included all assets, disregarding an equitable division of property, and causing him undue hardship.  In support of this argument, Mark includes a number of factual assertions that are lettered "A." through "O."

¶4    We reject this first argument because Mark does not provide record citations for his factual assertions.  This court need not consider arguments unsupported by references to the record.  *Lechner v. Scharrer*, 145 Wis. 2d 667, 676, 429 N.W.2d 491 (Ct. App. 1988).  "We have no duty to scour the record to review arguments unaccompanied by adequate record citation."  *Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256.

¶5     We also reject Mark's first argument because his factual assertions do not cohere into a developed argument establishing that the circuit court erroneously exercised its discretion.   "[I]t is the burden of the appellant to demonstrate that the [circuit] court erred," *Seltrecht v. Bremer*, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997), and "[w]e may decline to review issues inadequately briefed," *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).   Further, although we make some allowances for pro se litigants, and have done so for Mark here, our obligation to a pro se litigant does not include "making an argument for the litigant."   *See State ex rel. Harris v. Smith*, 220 Wis. 2d 158, 165, 582 N.W.2d 131 (Ct. App. 1998).   "We cannot serve as both advocate and judge." *Id.*

¶6     Mark's second argument is that the appraisals on farmhouse property were false or otherwise faulty.   In support of this argument, Mark provides some record citations, but is unclear how the cited portions of the record might support his argument.   We therefore reject Mark's second argument based on a lack of sufficient record citations.   We also reject this argument because the weight and credibility of evidence such as appraisals were for the circuit court, not this court, to decide.   *See Jacobson v. American Tool Cos., Inc.*, 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct. App. 1998) (explaining that "we will accept the circuit court's determination as to weight and credibility" of the evidence).

¶7     Mark's third argument is that the circuit court erred by awarding the house to Tammy without a more accurate appraisal.   We reject this argument for the same reasons we reject Mark's second argument.

¶8     Mark's fourth argument is that Tammy filed a property equalization worksheet that did not include all of her work benefits.   This argument consists of

one paragraph with no record citations. We reject the argument because it is not a developed argument and lacks record citations.

¶9 Mark's fifth argument is that the circuit court erred by not dividing a bank account equally between the parties. This argument consists of one paragraph with no record citations and a legal citation to the statute governing property division, WIS. STAT. § 767.61 (2021-22).[1] We reject this argument for the same reasons we reject Mark's fourth argument. Additionally, we note that, contrary to what Mark appears to argue, § 767.61 does not require the circuit court to divide each individual asset equally between the parties. *See Pelot v. Pelot*, 116 Wis. 2d 339, 346, 342 N.W.2d 64 (Ct. App. 1983) (explaining that a property division normally consists of determining the total value of the marital estate, determining what share of that value each spouse should receive, and crediting the value of each asset assigned to each spouse against that spouse's share).

¶10 Mark's sixth argument is that the circuit court erred by not dividing credit card debt equally between the parties. We reject this argument for the same reasons we reject Mark's fifth argument.

¶11 Mark's seventh argument is that the circuit court erred by not ordering that he be reimbursed for medical and dental bills. This argument consists of one paragraph with no record citations. We reject this argument because it is not a developed argument and lacks record citations.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

4

¶12     Mark's eighth argument is that the circuit court erred in awarding Tammy two cars and not awarding him money owed to his brother for another car. We reject this argument for the same reasons we reject Mark's seventh argument.

¶13     Mark's ninth argument is that the circuit court erred in the division of house escrow funds and capital gains taxes. We reject this argument for the same reasons we reject Mark's seventh and eighth arguments.

¶14     Mark's tenth argument is that the circuit court erred in not awarding him maintenance. We reject this argument because, as Tammy points out in her brief, the transcript of the final hearing shows that Mark waived maintenance. The circuit court did not err by relying on Mark's waiver.

¶15     Mark's eleventh argument is that the circuit court erred in its division of retirement accounts. The argument consists of one paragraph with no record citations. We reject the argument because it is undeveloped and lacks record citations.

¶16     Mark's twelfth argument is that the circuit court erred in not awarding him inherited property and certain personal property. We reject this argument for the same reasons we reject Mark's eleventh argument. We also reject Mark's argument relating to inherited property because, as Tammy points out in her brief, the transcript of the final hearing shows that Mark decided not to pursue his claim that he should be awarded inherited property.

¶17     Mark's thirteenth and final argument is that the circuit court erred in requiring him to sell all of his land. The argument consists of one paragraph with no record citations. We reject the argument because it is not a developed argument and lacks record citations. We also reject this argument because, as

5

Tammy points out in her brief, the transcript of the final hearing shows that Mark advocated selling the land.

¶18 In the conclusion section of his appellant's brief, Mark makes fourteen requests for relief. We do not separately address those requests because they do not add any developed argument to the thirteen arguments that we have already discussed.

¶19 In sum, for all of the reasons stated above, we affirm the circuit court's judgment.

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.